THE STATE for the use of DANIEL GODWIN et al. *vs.* JOHN COL-
LINS, Sheriff, et al.

Pleadings are amendable, in the discretion of the court, at any time before judgment.
The distinction between pleadings in *paper* and of *record* not applicable to our practice.
The object of pleadings is to present clearly the points in dispute, and to give notice
of what is to be tried, so that justice may be done.
And where this object cannot be effected without altering the pleadings, amendments
are at all times allowable in the discretion of the court.

DEBT on Sheriff's bond. Narr. Pleas. Replications. Demur-
rers and joinder.

The defendant's counsel moved for leave to amend their pleadings
and for a continuance of the cause, which after full argument the
court granted on payment of costs. (Note. The *Chief Justice* did
not sit.)

*Frame, J. M. Clayton* and *Layton,* for plaintiff.
*Cullen, Rogers* and *Bayard,* for defendant.

*Mr. Justice Black* delivered the following opinion of the court:
"At the last term, on the motion of the plffs., the pleadings in
this case were withdrawn and an order made that pleadings should
be filed at length. In the vacation pleas at length were filed, to the
most of which the plffs have demurred, and the defts have joined in
demurrer.

The defts. finding that some of their pleas are defective, ask leave
generally to amend. This leave is resisted by the plffs. who insist
that some of the pleas are sham and dilatory, put in for the object of
delay, and that the parties shall stand or fall by the position in which
these pleadings have respectively placed them, more especially as
the effect of granting the motion will be to delay the plffs. one term
more in the trial of their cause.

The object of pleading is to reduce the controversy to certain and
precise issues of law or fact, on which, as containing the pretensions
or claims of the parties, the opinion of the court or jury may be
taken, and a decision had in accordance with the principles of justice.

To obtain a decision according to the justice of the case it often
happens that amendments become necessary. The granting or refu-

sing to grant the application rests in the sound discretion of the court —a discretion to be regulated by the circumstances of the case and the principles of law settled in relation to like points.

There is much difficulty in understanding from the English books when the pleadings are to be considered as *out of paper;* but it appears from numerous authorities that whatever may be the technical difference between proceedings in paper and proceedings of record, the pleadings were amendable at common law, in the discretion of the court, at any time before judgment. 1 *Petersdorf* 504; 1 *Salk.* 47; 3 *do.* 31; *Co. Lit.* 260, *a; Tidd* 656; *Steph. Pl.* 106.   No such distinction as to paper and record pleadings can be recognized in this state.    We hold them to be of record as soon as filed; are we to hold then that our pleadings are not amendable because they are of record?  If so, no narr, plea or replication can be amended after it is filed if we adopt the English rule because from that moment it is a record.    The only rule therefore by which we can be governed is that furnished by our constitution of allowing amendments before judgment in order to obtain a determination of causes on their real merits.

In England the courts have in modern times been liberal in allowing amendments to get rid of errors and mistakes and to prevent causes from being decided apart from their merits, when they are asked for in good faith,  when no improper delay has been used, and when such amendments are essential to obtain a just decision of the cause on its true merits.    In England amendments have been permitted in a great variety of cases after the issue has been made up and the case ready for trial,  when in the judgment of the court it was deemed necessary to effect justice between the parties or a fair trial.    So too after demurrer and joinder in demurrer.    And in some cases even after argument and an opinion pronounced the party has been allowed to amend where the court deemed such leave proper under the peculiar circumstances of the case.    In some cases it has been refused, the court saying that they would not allow a party to amend when he was so hardy as to stand out, go to the argument, and wait for the opinion of the court before he made his request.

In general the leave to amend, according to the books, is almost a matter of course if applied for before trial or argument, and at the earliest period at which it could be made, if it be necessary to do justice between the parties, and no arts practised for delay. 1 *Petersdorf* 504, 529, 533; *Steph. Plead.* 106; 2 *Caines* 139, 173, 369, 375; 2 *Johns.* 209; 3 *do.* 44, 140, 243; 8 *Term. Rep.* 300; *Tidd* 656; 1 *Burr.* 321; *Barnes* 9; *Impey* 2 97; *Sayers Rep.* 117; 2 *Bos. & Pull.* 480; 3 *do.* 11, 12; 1 *East.* 491; 5 *Taunt.* 765; 7 *Moore* 244.    See also *Randel* vs. *The Canal Company, ante* 178.

The constitution of this state provides that this court "shall have the power before judgment of directing upon such terms as they shall deem reasonable amendments in pleadings and legal proceedings, so that by error in any of them, the *determination of causes according to their real merits shall not be hindered.*"

Under this clause of our constitution the courts of this state, according to our recollection of their decisions, have adopted a liberal

ty in amendments similar to that which now prevails in England, allowing them after issue joined in law or fact before argument almost as a matter of course in fair cases when the rights of the adverse party would not be prejudiced; and in one case in this county, in the late Court of Common Pleas, of *Huffington* vs. *Cannon* permitting it, from the peculiar circumstances of the case, after the opinion was delivered on the demurrer.

We think this liberality regulated by a sound discretion well calculated to attain, in the language of the constitution, a determination of causes according to their real merits. Is it conducive to justice to hold a party who is free from suspicion in the management of his cause, and who has not used arts of delay and who may from inadvertence, hurry, error in copying, or by putting forward as a matter of defence what on reflection he becomes satisfied will not avail or be tenable in law, when he sees his mistake, bound to abide the consequences of that mistake, and to prevent him from placing his cause on its true points and procuring its determination according to its real merits? We think not, unless the rights of the opposite party be prejudiced. When we speak of rights we do not mean legal advantages given him by the pleadings, for of these it is the very object of the amendment to get rid, and procure a trial on the true merits, but of those rights which intrinsically belong to his case. Liberality in amendments in fair cases and for legitimate objects will, in our judgment, best subserve the great and important object of all trials—justice between the parties to the suit.

In this case one error in the pleadings of the deft. is, that two distinct substantive matters of defence have been through inadvertence placed in one plea, when they should have been set out in separate pleas. Another is, that through inadvertence and hurry they have applied their pleas or some of them to what in the plea is termed a *count*, when it should have said a *breach*.

If these errors, which certainly have no bearing on the facts or merits of the cause, be not corrected the case must be decided against the defendants. This would not be effecting a "determination of the cause" in the language of the constitution "according to its real merits," which the defendants ask to get at by being allowed to amend. The argument of the plffs. that leave to amend should not be allowed, because they will lose a trial, cannot, we think, avail, organized as the terms of this court now are; the second term is now our trial term, and if this argument is to have the effect contended for there will be but few cases in which amendments can be allowed by the court: The narr is not filed until after the first term; the deft. pleads, and the plff. demurs; and, at the second term, the cause is set down on the *argument* list, and not on the trial list. The deft. cannot therefore at the term procure leave to withdraw or amend his plea, because no trial before a jury can take place at that term, and the plff. will have lost a trial. So too if the deft. demurs and the plff. should wish to amend. This rule therefore cannot be admitted with the present arrangement of our terms.

Every application to amend is addressed to the sound discretion of the court, and its determination is to rest on that discretion. If they believe a party is by his course of pleading trifling with the

court by pleading sham or dilatory pleas, or is striving by his pleas to prevent the cause being brought to an early decision on its true points, the sound exercise of that discretion would deny to the party the leave to amend. If on the other hand nothing of this kind exists, and the amendment be necessary to a just decision of the case, and the rights of the opposite party be not prejudiced by granting the leave, the court would grant it in order that a "determination on the real merits should not be hindered."

The court can see nothing in this cause to induce a belief that the pleadings of the defts. had for their object delay, or that they designed to plead what they did not believe to be tenable. Pleading specially to actions on the recognizances of sheriffs has not been usual in this state; we have no knowledge of any case in which it has been done. They have usually been tried on the short plea of performance—perhaps "generally and specially" added to the plea; under this plea the matters of defence have been given in evidence. Pleading at length being now for the first time used in these actions the defts. have introduced certain pleas which they contend are good pleas to the action while on the other hand the plffs. deny that they can be used or sustained in this action. Whether they are proper pleas is not now a question before us—but we cannot and do not suppose that they have been pleaded with any other view than a fair one, to obtain the opinion of the court as to their sufficiency in a new case.

On inspecting the record we cannot see any thing to induce us to believe that efforts have been used by the defts. to prevent the plffs. from obtaining an early trial of their action. One continuance of this cause has been had at the instance of the defts. and the plffs. have procured its continuance four terms; at March and October terms 1831, it was continued on the affidavit of the plffs. At April term 1832, the plffs. obtained leave to amend their narr and the amendments were not filed until after the court rose; this continuance we presume was at the instance of the plffs. as leave to amend was obtained although it is not so stated; at the last term it was continued by reason of the absence of the plffs. witnesses; at October term 1832, it was continued at the instance of the defts.—the only continuance which it appears they obtained. The record therefore does not show that the defts. have kept off the trial of this cause more than a single term.

We therefore grant the defts. leave to amend their pleadings on the payment of the costs of the term, and on payment also of any costs that have accrued for office copies of the pleadings filed since the last term." *(a)*

(a) 1 *Petersd.* 504. The court may amend at common law in all cases whilst the proceedings are in paper, that is, until *judgment signed,* and during the term in which it is signed.

Amendments are in the discretion of the court for the furtherance of justime; and it is no ground for refusing an amendment that an advantage is taken from one party which he before possessed, since that is the case in every amendment.

When are the pleadings in England considered as out of paper? Some of the books speak of them as being of record when the issue is made up; but

MARGARET MORRIS late HUDSON *vs.* WINGATE CANNON.

Replevin will not lie at the suit of a master to recover an apprentice.
*It seems* that replevin will not lie for a free man.

Replevin for a negro boy; an apprentice. Pleas non cepit and property in the executor of William Morris the late husband of plff. Case stated.

"The negro boy in the declaration mentioned was, on the 2nd of April 1830, bound as an apprentice to Margaret Hudson, her heirs

the cases are numerous of amendments at common law after issue joined both of fact and law.

*Hardy* vs. *Gilding*. Pledges inserted in narr after joinder in demurrer.

*Davie* vs. *Atkinson*. Narr amended after joinder in demurrer and one argument.

*Brown* vs. *Crump*. New counts added after demurrer.

*Bishop* vs. *Stacey*. Amendment allowed after special demurrer and arment.

*Mace* vs. *Lovell*. Narr amended after issue joined and the *record made up* ready for trial, the proceedings being *in paper* and not considered as being of record 'till verdict. This amendment was at common law.

3 *Salk.* 31; 1 *do.* 47; 1 *Petersd.* 504. Whilst the narr is in *paper*, amendments allowed; but when it comes in *parchment* no amendment allowed except by statute, *"for 'tis then a record."*

*Co. Litt.* 260, *a.* Record is a memorial in rolls of parchment of the proceedings and acts of a court of justice, &c. During the term wherein any judicial act is done the record remaineth in the breast of the judges of the court, and the roll is alterable during the term as the judges shall direct; but after the term is past, then the record is in the roll, and admitteth no alteration.

*Steph. Pl.* 106. Until the *judgment is signed* either party is in general at liberty to *amend* his pleading as at *common law*.

1 *Tidd Pr.* 656. It is now settled that after a demurrer or joinder in demurrer either party is at liberty to amend, as a matter of course, whilst the proceedings are in paper.

It appears from these and numerous other authorities that, whatever may be the technical difference between proceedings in *paper* and of *record*, the pleadings were amendable at common law, in the discretion of the court, at any time *before judgment*. And the constitution gives to this court the same power of allowing amendments. *Sec.* 16, *Art.* 6.

If the court possess the power, in what cases shall it be exercised? Is it to be confined to such defects as are bad only on special demurrer, or is it to be extended to all formal defects whatever, whether bad on general or special demurrer. If amendments are to be restricted to the former, the power is of little use; both the reason for its exercise and the authority of adjudged cases extend it beyond this narrow construction.

The object of amendments is the attainment of justice; the correction of errors and mistakes in preparing causes for trial so that they may be determined "according to their real merits." The system of pleading though excellent in itself and conducive to the ends of justice, is obnoxious to the objection that it sometimes places the decision of causes upon points apart from their merits. The modern practice of the courts in allowing amendments liberally has been with a view to correct this tendency. With respect to defects merely formal, and such as would be bad only on specal demurrer, amendments are allowed of course; and for defects in substance,

and assigns; at the time and before the binding he was a free negro; Margaret Hudson afterwards, became the wife of William M. Morris, who took possession of the said negro apprentice and held him until his death. After his death his executor took possession of the boy and hired him to the deft. The negro boy was duly inventoried and appraised in the estate of William M. Morris. On this replevin the sheriff delivered the said apprentice to the plff. in whose possession he still remains."

*Layton*, for plaintiff.

The first question is as to the propriety of the action—Will replevin lie for a free boy? Negroes are recognized by our laws as property, and there can be no difference in this respect between a slave and a servant for a limited period. The master is equally entitled to the services of either, and has a qualified property in the servant. The services of the apprentice being a subject of property the master is entitled to the custody of the apprentice and to all such remedies as are needful for obtaining or keeping the possession or custody of his servant. The writ of replevin is the proper remedy wherever property is wrongfully detained. *Com. Dig.*

Second. Mrs. Morris as the survivor of her husband is entitled to the unexpired term of this boy. *Dig.* 37. He was bound to her before her marriage with Morris, during that marriage her rights and liabilities under the indenture of course devolved on the husband, but at his death she again became liable to the performance of her covenant to the boy and entitled to his services. There was no actual assignment of the indenture to the husband; it is therefore like a debt due to the wife dum sola, not collected during marriage, and which survives to the widow. In relation to the unexpired time of the boy, Morris never obtained a legal right to it in possession as he might by taking a transfer of the indenture and thus placing himself in the character of an assignee. The binding was to Margaret Hudson, her heirs and assigns—not to executors or administrators—the boy therefore is not transmissible to the executor of the husband nor is such executor bound by any of the stipulations in the indenture. *Dig.* 42. A different construction violates the contract of the parties which was for service to be rendered to Mrs. Hudson, her heirs and assigns, and not to the executor of her husband, nor even to her own executor or administrator, unless the administrator is named he cannot take as a legal assignee—the word assigns means actual assignee.

or such as would be fatal on general demurrer a distinction is well taken where such defects are inherent in the case itself and where they arise only from the manner of statement. In the latter case they may be amended though bad on general demurrer. *Steph. P.* 503, 5. If the pleading be insufficient in *form* the pleader is to consider whether it is worth while to take the objection, recollecting the indulgence which the law allows in the way of *amendment*. On the other hand, supposing an insufficiency in *substance*, he is to consider whether that insufficiency be in the case itself or in the manner of statement, for on the latter supposition it might be removed by an amendment, and it may be therefore not worth while to demur. *Idem* 182-3.

From these authorities it is obvious that the power of allowing amendments is not confined to such defects only as are bad on special demurrer.